UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 22-42349

IDE REAL ESTATE GROUP LLC,                                Chapter 11

        Debtor.                                      Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On June 20, 2022, the Debtor filed a plan and disclosure statement, in a document entitled "Combined Plan of Liquidation and Disclosure Statement of IDE Real Estate Group, LLC" (Docket # 53). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

    1. The Debtor must delete current paragraph 2.5 on pages 11-12 of the Plan, and then must renumber current paragraph 2.6 as paragraph 2.5. By definition, creditors who hold priority claims under 11 U.S.C. § 507(a)(8) are unsecured creditors, and therefore they do not have any liens.

    2. In several places in the Plan, including paragraphs 3.1, 3.2, 3.3, and 3.4, the term "Sale Proceeds" is capitalized, as if it were a defined term. But there is no definition in the Plan of the term "Sale Proceeds," and this term is used without capital letters ("sale proceeds") in paragraph 4.1 on page 14 of the Plan. The Debtor must correct this.

    3. The Plan states that Classes I, II, and III are unimpaired. That is not correct; each such class is impaired within the meaning of 11 U.S.C. § 1124. (One reason for this is that the "Distribution Date" is defined to mean as much as 7 days after the "Effective Date" of the Plan.

*See* Paragraphs 1.2.27, 1.2.28 of the Plan on page 6.) With regard to each such class, the Debtor must state that the class is impaired. In doing so, the Debtor may reserve the right to argue at the confirmation hearing, if necessary, that one or more of these classes are not impaired.

4. In paragraph 3.4 on page 13 of the Plan the Debtor must estimate what the closing costs will be associated with the sale of the Real Property, and the Debtor must estimate the amount of the allowed administrative claims of Stevenson & Bullock, P.L.C. and the Subchapter V Trustee in the bankruptcy cases of Signtext 2 Inc. and the Frasiers.

5. In paragraph 3.5 on page 14 of the Plan, the Debtor fails to adequately describe the treatment of Class V. The Debtor fails to state when, or under what conditions, or how much, or on what terms, the allowed claims in Class V will be paid. The Debtor must correct this. (Although the Debtor indicates, in Section V.C.4 of the Disclosure Statement at pages 32-33, that there may be no creditors in Class V other than the deficiency claims of secured creditors, the Plan estimates in paragraph 3.4 on page 13 that Huntington Bank will have a deficiency claim of $481,360.00, to be treated in Class V.)

6. The Debtor must delete paragraph 5.1 on page 15 of the Plan and then renumber the remainder of the paragraphs in Article V.

7. The Debtor must modify paragraph 5.2 of the Plan on page 15 so that it states that "Class VI is conclusively presumed to have rejected the Plan pursuant to § 1126(g) of the Bankruptcy Code."

8. The Debtor must modify paragraph 5.3 of the Plan on page 15 so that it states that "Classes I through V of the Plan are Impaired under the Plan, and Holders of Claims in such Classes shall be entitled to vote to accept or reject the Plan."

9. The Debtor must modify the beginning of the second sentence of paragraph 7.1 of the

Plan on page 16, to state that "After confirmation, and before substantial consummation of the plan, the Debtor may, . . .." *See* 11 U.S.C. § 1127(b).

10. The Debtor must delete paragraph 8.1 of the Plan on page 16. Under 11 U.S.C. § 1141(d)(3), in the case of a limited liability company that is liquidating and not continuing its business, as in this case, claims and interests will not be discharged.

11. The Debtor must state the educational background and work history of Michael Frasier in paragraph II.B. of the Disclosure Statement on page 26.

12. The Debtor must provide financial summaries for the three year pre-petition period in paragraph V.A.1 of the Disclosure Statement on page 30. The Debtor may provide the Debtor's tax returns for the three year pre-petition period as a way of satisfying this disclosure requirement.

13. There are some typographical errors that the Debtor should correct:

- in paragraph 7.2 of the Plan on page 16, change "propose" to "proposes."
- in paragraph II.C.ii of the Disclosure Statement on page 27, change "see" to "seek."
- change "believe" to "believes' in paragraph V.C.2 of the Disclosure Statement on page 32.
- change "the Bank" to "Huntington Bank" in the places where it appears (*e.g.*, paragraph II.C.ii of the Disclosure Statement on page 27 (3 places); paragraph III.B of the Disclosure Statement on page 27).

Accordingly,

IT IS ORDERED that no later than **June 27, 2022**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **June 27, 2022**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes

the Debtor has made to the "Combined Plan of Liquidation and Disclosure Statement of IDE Real Estate Group, LLC," filed June 20, 2022.

**Signed on June 22, 2022**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**